Sterling Scott Winchell (147054)
Attorney at Law
9881 Irvine Center Drive, Suite 200
Irvine, Ca 92618
phone: 949-387-9191
fax : 949-387-9192
email: Winchell@OCLawSolutions.com

Attorney for Plaintiff

FILED
2007 DEC -7 A 9:12
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

C07 06204 PVT

| | |
|---|---|
| TCR COMPOSITES, INC., a Pennsylvania corporation<br><br>Plaintiff,<br><br>vs.<br><br>FIBERLITE CENTRIFUGE, INC., a California corporation and dba PIRAMOON TECHNOLOGIES, INC.; AL PIRAMOON aka ALIREZA PIRAMOON, an individual and dba FIBERLITE CENTRIFUGE and dba PIRAMOON TECHNOLOGIES, INC.,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>DEMAND FOR JURY TRIAL |

**I. PARTIES**

1. Plaintiff TCR COMPOSITES, INC. [TCR] is a corporation organized under the laws of the State of Pennsylvania, and which is headquartered in Pennsylvania and registered to do business in

the State of Utah.

2. Defendant FIBERLITE CENTRIFUGE, INC., is a corporation organized under the laws of the State of California, and headquartered in Santa Clara, California. It also does business under the name "Piramoon Technologies, Inc.", and holds itself out as being a "subsidiary" or "division" of that name, however to this complainant's knowledge, no such entity exists named Piramoon Technologies, Inc., nor is any such entity registered to do business in California, or elsewhere, nor is it a registered fictitious business name in any county in California.

3. AL PIRAMOON aka ALIREZA PIRAMOON is an individual, at all relevant times residing in this judicial district up through the present time.

4. Plaintiff is informed and believes, and based upon such information and belief, alleges that FIBERLITE CENTRIFUGE, INC., is a sham corporation and is the alter ego of the other named individual defendant herein, AL PIRAMOON aka ALIREZA PIRAMOON. It is referred to herein as a sham corporation because:

a) It would be unjust and inequitable for the Court to recognize the corporate existence of the corporation, in that said purported corporations were and are the alter egos of the individually named Defendant herein;

b) Complainant is informed and believe and thereon allege that said individual Defendants herein formed and control the sham corporation to conduct their business in accordance with their instructions and directions without either the holding or calling of shareholders or directors meetings.

c). That said sham corporation has not issued or given notice of issuance of capital stock to the California Department of Corporations.

d). That the sham corporation has been used and existed solely for the purpose of permitting the individual Defendant to transact his personal or partnership business under a corporate guise, and to defraud the public.

e). That said sham corporation was and is the agent and instrumentality and conduit through which the personal and partnership businesses of said individual Defendant were and are conducted.

f). Sham corporation was held out by said individual Defendants as a bona fide business entity having the financial capability and responsibility necessary to engage in business, but in truth and fact, said individual Defendants caused said sham corporation to be organized and thereafter to conduct his business with capital which was and is merely nominal in amount and wholly inadequate for the business in which said corporation was engaged.

Sham corporation and the individually named defendant has defaulted on numerous obligations over the years and has been sued repeatedly in collection actions in the Santa Clara County Superior Court, and has defaulted on its obligations to this complainant.

g) At all times herein mentioned, said individual Defendants have acted as officers, directors, and/or owner or managing agents of the sham corporation, but the sham corporation has only one officially designated officer, that of defendant AL PIRAMOON.

g) Said individual Defendants have dealt with and treated the assets of said sham corporations as their personal assets and their personal assets as corporate assets. That said individual Defendants have caused said sham corporations to transfer certain assets to themselves for there personal benefit.

h) Plaintiff is informed and believes and thereon alleges that the assets of the individual Defendants and Defendant sham corporations have been, for the purpose of defrauding the Plaintiffs and others, so commingled as to make one asset indistinguishable from any other asset, and is used solely as a shield for the individual defendants to avoid personal liability for any wrongdoing or breach of contract. At the present time, the sham corporation has ceased doing business altogether.

i) At various times over the last 5 years, sham corporation was suspended from doing business by the California Secretary of State, or has been pending suspension for failure to file statements of a domestic stock corporation.

## II. JURISDICTION

5. Original federal jurisdiction is invoked pursuant to 28 U.S.C. §1332, in that this action involves an action between citizens of different states, where the matter in controversy exceeds $75,000, exclusive of interest and costs.

## III. VENUE

6. Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) in that all defendants reside and/or are headquartered in this Judicial District.

## IV. COUNT I: BREACH OF CONTRACT

7. At Ogden, Utah, Plaintiff's predecessors in interests and Defendants into a written contract where plaintiff was to supply and defendants were to purchase commercial goods on account. Those purchases were then confirmed in writing by invoice reflecting the goods purchased and the invoiced amount, and due date.

8. At all times, Plaintiff and its predecessors performed all terms and conditions required of them under the contract, except those terms and conditions that defendants prevented them from performing. All collection rights under the contract are currently assigned to plaintiff.

9. Defendants breached the contract within the last 6 years, by failing and refusing to pay those amounts due under the contract when due.

10. As a proximate result of defendants' breach of contract, Plaintiff has been damaged in the sum of at least $116,696.64 plus interest at the legal rate thereon from at least March 17, 2003 until the present.

WHEREFORE, plaintiff prays judgment as follows:

1. For the principal amount of $$116,696.64, or according to proof.

2. For interest thereon at the legal rate from March 17, 2003 to the present, or according to proof.

3. For costs of suit herein incurred;

4. For such other and further relief as the court may

deem proper.

DATE: December 6, 2007

BY: Sterling Scott Winchell
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes pled herein.

DATE: December 6, 2007

BY: Sterling Scott Winchell
Attorney for Plaintiff