JAMES R. HAWLEY -- BAR NO. 162062
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:   (408) 287-2583

Attorneys for Defendants.
FIBERLITE CENTRIFUGE, INC., a
California corporation, and AL
PIRAMOON aka ALIREZA PIRAMOON,
an individual

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TCR COMPOSITES, INC., a Pennsylvania corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>FIBERLITE CENTRIFUGE, INC., a California corporation and dba PIRAMOON TECHNOLOGIES, INC., AL PIRAMOON aka ALIREZA PIRAMOON, an individual and dba FIBERLITE CENTRIFUGE and dba PIRAMOON TECHNOLOGIES, INC.,<br><br>    Defendants. | No. C07 06204 PVT<br><br>**ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, AND COUNTER CLAIM FOR EQUITABLE OFFSET AND/OR RESTITUTION** |

**ANSWER TO COMPLAINT**

Defendants FIBERLITE CENTRIFUGE, INC., a California corporation erroneously also sued herein as dba Piramoon Technologies, Inc., and AL PIRAMOON aka ALIREZA PIRAMOON, an individual also erroneously sued herein as dba Fiberlite Centrifuge and dba Piramoon Technologies, hereby respond to the Complaint for Breach of Contract filed by Plaintiff TCR COMPOSITES, INC., as follows:

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis deny each and

-1-

every such allegation.

2. In response to the allegations in Paragraph 2 of the Complaint, Defendants admit that Defendant FIBERLITE is a corporation organized under the laws of the State of California and headquartered in Santa Clara, California. Except as specifically admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Regarding the allegations contained in Paragraph 9 of the Complaint, Defendants deny breaching any contract, but admit that plaintiff knew approximately six years ago that Defendant would not pay the amounts claimed in this lawsuit.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. Plaintiff's action is barred by the relevant statutes of limitations of the forum State, including, but not limited to, California Code of Civil Procedure sections 337 and 339. The action would be barred by the statute of limitations set forth in Utah Code sections 70A-2-725 if Utah law were applicable.

3. Plaintiff's action is barred, in whole or in part, by the equitable doctrine of laches.

4. By its actions, inactions, and communications, Plaintiff is estopped from recovering against these answering Defendants.

5. Plaintiff's action is barred by the equitable doctrine of unclean hands.

6. Plaintiff has waived its right to any recovery in this action.

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT
\\HFJAFS\NDrive\79987\Ple\305081.doc

7. Any recovery by Plaintiff in this action would constitute unjust enrichment. .

8. No contact between the parties was ever formed, as the parties' contacts were limited to preliminary discussions.

9. To the extent any contract was formed, Defendants' performance was excused by frustration of purpose.

10. To the extent any contract was formed, its terms are so ambiguous as to establish that there was no meeting of the minds.

11. Plaintiff's action is barred, in whole or in part, by Plaintiff's failure to mitigate its damages.

### COUNTER CLAIM FOR EQUITABLE OFFSET/RESTITUTION

As and for a mandatory counter claim to the aforementioned Complaint for Breach of Contract filed by plaintiff TCR Composites, Inc., Defendant FIBERLITE CENTRIFUGE alleges as follows:

1. Defendant is informed and believes that plaintiff is a corporation organized under the laws of the state of Pennsylvania and registered to do business in Utah.

2. Defendant is a corporation organized under the laws of the State of California with its principal place of business in Santa Clara, California.

3. This Court has pendent jurisdiction over this Counter Claim because the counter claim arises out of exactly the same transaction alleged in the Complaint.

4. Venue is proper in this district pursuant to 28 U.S.C. section 1332, as the action is one between citizens of different states and the matter in controversy exceeds $75,000.

5. Defendant is in the business of manufacturing medical carbon fiber centrifuge rotors, which requires the use of certain conforming fabrics and resins. In an effort to work with defendant and to ultimately obtain defendant's business, plaintiff approached defendant in mid-2001 and offered to supply certain fabrics and resins to defendant. Plaintiff was aware of defendant's business and represented its materials as suitable for

defendant's purpose and as superior to other similar materials, including materials already used by defendant.

6. Plaintiff and defendant then engaged in a joint effort to work together to use plaintiff's materials in defendant's products. At all times both parties assumed that plaintiff's materials would be suitable for the purpose for their intended use. The assumption of suitability was a basic and material fact that induced plaintiff to agree to sell, and defendant to agree to order, limited quantities of plaintiff's material.

7. From July 2001 through April of 2002, defendant ordered materials from plaintiff and spent in excess of $500,000 in studies, experiments, and manufacturing costs working with those materials to try to make them work in defendant's products. At all times relevant to this Counter Claim, Plaintiff was well aware of the considerable expense being incurred by Defendant for plaintiff's potential benefit. During that time, the incompatibility of plaintiff's materials prevented many shipments and delayed others, causing monetary damage and damage to Defendant's business reputation. In addition, much of the limited amount of material that could be shipped had to be replaced within a year due to defects in plaintiff's materials, resulting in further damage to Defendant.

8. Plaintiff visited Defendant approximately thirty times during the aforementioned period in an effort to resolve the problems with plaintiff's materials. Despite the best efforts of both parties, the materials proved to be unsuitable for their intended use, resulting in many verbal apologies by plaintiff during those visits, and a written apology by plaintiff in early March of 2006. In or about May of 2002 defendant informed plaintiff that defendant would stop trying to use the materials and would not order more. Due to the grossly disproportionate expenses defendant had incurred in attempting to work with plaintiff's defective materials for the benefit of both parties, Defendant asked plaintiff to at least write down the account receivable by 50% in light of the failure of its material, but plaintiff refused. Defendant therefore declined to pay any additional outstanding invoices claimed by plaintiff.

9. On May 20, 2002, plaintiff confirmed in writing the termination of the supplier

relationship and defendant's refusal to pay further outstanding invoices. Defendant then found another supplier whose products are suitable for the intended use, and has been using that supplier ever since that time.

10. Defendant heard nothing more from plaintiff after May of 2002 and naturally concluded that plaintiff had moved on to form other business relationships, as defendant had. On December 7, 2007, however, plaintiff filed the instant complaint attempting to recover approximately $115,000 in allegedly outstanding invoices for products allegedly shipped to defendant in 2002 – the same invoices that Defendant had declined to pay in May of 2002.

11. If and to the extent the Court finds that the parties entered into a contract, rather than simply engaging in preliminary and exploratory discussions and activities regarding a potentially beneficial business relationship as defendant alleges, the contract is voidable and subject to rescission in light of the parties' mutual mistake regarding the suitability of plaintiff's goods. In addition, Defendant is entitled to recover the reasonable cost of its services performed for the common good of both parties. Consequently, defendant is entitled to an equitable offset, and/or restitution, for the disproportionate expense defendant incurred in trying to work with plaintiff's defective material. Defendant currently estimates those costs at above $500,000.

12. Because this action was filed considerably outside the statute of limitations for breach of contract for the sale of goods under California *and* Utah law, Defendant reserves the right to request that sanctions be imposed against plaintiff, in an amount according to proof.

WHEREFORE, Defendants FIBERLITE CENTRIFUGE, INC. and AL PIRAMOON aka ALIREZA PIRAMOON pray for judgment against Plaintiff, for costs of suit incurred herein, and for reimbursement of their attorneys' fees. Defendant FIBERLITE CENTRIFUGE, INC. prays for judgment against Plaintiff on its counter claim for equitable offset and/or restitution in an amount according to proof, and for monetary sanctions under Rule 11 as appropriate.

ANSWER TO COMPLAINT FOR BREACH OF CONTRACT
\\HFJAFS\NDrive\79987\Ple\305081.doc

1 | DATED: March 7, 2008

HOGE, FENTON, JONES & APPEL, INC.

By _____
James R. Hawley
Attorneys for Defendants

**PROOF OF SERVICE BY MAIL**

I, the undersigned, say:

I am now and at all times herein mentioned have been over the age of 18 years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 60 South Market Street, San Jose, California 95113-2396. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served copies of the attached **ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, AND COUNTER CLAIM FOR EQUITABLE OFFSET AND/OR RESTITUTION** by placing said copies in envelopes addressed to:

Sterling Scott Winchell
9881 Irvine Center Drive, Suite 200
Irvine, CA   92618
Phone No.:  (949) 387-9191
Fax No.:  (949) 387-9192
Attorney for plaintiff (adverse)

which envelopes were then sealed and, with postage fully prepaid thereon, were on 3/7/2008 placed for collection and mailing at my place of business following ordinary business practices.  Said correspondence will be deposited with the United States Postal Service at San Jose, California on the above-referenced date in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on 3/7/2008.

_____
Leslie Rostron

Court Action No: C07 06204 PVT
Case Name: Defense of TCR Lawsuit

-1-

\\HFJAFS\NDrive\79987\Pos\308218.doc