1  Attorney for Plaintiff:

2  Sterling Scott Winchell (147054)
   Attorney at Law
3  9881 Irvine Center Drive, Suite 200
   Irvine, Ca 92618
4  phone: 949-387-9191
   fax  : 949-387-9192
5  email: Winchell@OCLawSolutions.com

6

   Attorneys for Defendants:
7
   James R. Hawley, Esq. (162062)
8  Hoge, Fenton, Jones & Appel, Inc.
   Sixty South Market Street, Suite 1400
9  San Jose, Ca 95113-2396
   Phone: 408-287-9501
10 Fax  : 408-287-2583

11

12

13

14
                    UNITED STATES DISTRICT COURT
15
                  NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN JOSE COURTHOUSE
17

18

19  TCR COMPOSITES, INC., a        )   CASE NO:   C07 06204 PVT
    Pennsylvania corporation       )
20                                 )   JOINT CASE MANAGEMENT
                 Plaintiff,        )   STATEMENT
21                                 )
    vs.                            )
22                                 )   Date: March 25, 2008
    FIBERLITE CENTRIFUGE, INC., a )    Time: 2:00 p.m.
23  California corporation and     )   Place: Courtroom 5
    dba PIRAMOON TECHNOLOGIES,     )          280 S. 1st. St.
24  INC.; AL PIRAMOON aka ALIREZA )           San Jose, Ca
    PIRAMOON, an individual and    )
25  dba FIBERLITE CENTRIFUGE and   )
    dba PIRAMOON TECHNOLOGIES,     )
26  INC.,                          )
                                   )
27                                 )
                 Defendants.       )
28

_____

CASE MANAGEMENT STATEMENT            1

1
_____ _____ )
                                        )
2  AND COUNTERCLAIM                     )
                                        )
3  _____ )

4

5

6          Pursuant to Civil Local Rule 16-9, and the applicable

standing order of this court, the parties named above hereby
7
submit the following Joint Case Management Statement.
8

9
           1. Jurisdiction and Service.
10

11
           Original federal jurisdiction is invoked pursuant to 28
12
U.S.C. §1332, in that this action involves an action between
13
citizens of different states, where the matter in controversy
14
exceeds $75,000, exclusive of interest and costs.   Plaintiff TCR
15
COMPOSITES, INC. [TCR] is a corporation organized under the laws
16
of the State of Pennsylvania, and which is headquartered in
17
Pennsylvania and registered to do business in the State of Utah.
18
Defendant FIBERLITE CENTRIFUGE, INC., is a corporation organized
19
under the laws of the State of California, and headquartered in
20
Santa Clara, California; it also does business under the name
21
"Piramoon Technologies, Inc." AL PIRAMOON aka ALIREZA PIRAMOON is
22
an individual, at all relevant times residing in this judicial
23
district up through the present time. The amount of controversy
24
on the principal action is $116,696.64, exclusive of interest and
25
costs. Defendant's counterclaim likewise exceeds $75,000.
26

27
           All parties have been served and have appeared. There
28

CASE MANAGEMENT STATEMENT              2

1  are no disputes concerning personal jurisdiction or venue,

2  although plaintiff contends that venue would have likewise been

3  proper in Utah under 28 U.S.C 1391 (a), in that a substantial part

4  of the events or omissions giving rise to plaintiff's claims

5  occurred in Utah.

6

7        2. Brief Chronology of Facts

8

9        Plaintiff's predecessors in interest provided defendant

10 Fiberlite Centrifuge, Inc.[1] with commercial goods on account,

11 particularly carbon fiber resin used in defendant. Those purchases

12 were then confirmed in writing by invoices reflecting the goods

13 purchased and the invoiced amount, listing the goods sold, amount

14 due and due date.

15

16        Plaintiff alleges that Fiberlite Centrifuge, Inc.,

17 breached the contract within the last 6 years, by failing and

18 refusing to pay those amounts due under the contract when due, and

19 owes $116,696.64 plus interest at the legal rate thereon from at

20 least March 17, 2003 until the present.

21

22        Defendant Fiberlite Centrifuge, Inc., denies any

23 amounts are owed, and has counterclaimed, claiming that the

24 product provided was defective. Defendant further claims that it

25 incurred expense attempting to work with the allegedly defective

26 _____

27      [1] Plaintiff contends that Al Piramoon is an alter ego of the
   named corporate defendant.

28

CASE MANAGEMENT STATEMENT        3

1 | product which, defendant contends, far exceeds the amount claimed

2 | in the complaint.  Defendant Piramoon further denies being the

3 | alter ego of the defendant corporation.

4 |

5 |        3. Legal Issues.

6 |

7 |        Whether California or the Utah statutes of limitation

8 | apply.

9 |

10 |        Defendants contend that the California statute of

11 | limitations applies, in which case all of plaintiff's claims [as

12 | well as defendants' counter claims] would be time barred. C.C.P.

13 | 337.1 proscribes a 4 year statute of limitations for written

14 | contract as well as open book account claims.  Defendants further

15 | contend that, even if the Utah Statutes of Limitation were to

16 | apply, Plaintiff's claim would be barred under Utah's 4 year

17 | contract for the sale of goods statute of limitation: 70A-2-725.

18 |

19 |        Plaintiff contends that the Utah statute of limitations

20 | applies, and that the Utah 6 year statute of limitations applies

21 | to this case, Utah Section 78-12-23.

22 |

23 |        a. Choice of Law

24 |

25 |        In diversity cases, federal courts must apply the

26 | choice-of-law rules of the forum state. Estate of Darulis, 401

27 | F.3d 1060, 1062 (9cir 2005). California applies the three step

28 |

CASE MANAGEMENT STATEMENT          4

1    "government interest" analysis to choice of law questions. <u>Ross v.</u>

2    <u>United Technologies Corporation</u>, 125 F.3d 859 (1997); <u>Hurtado v.</u>

3    <u>Superior Court</u>, 11 Cal. 3d 574, 579-80 (1974).[2] However, where

4    more than one law can be applied, but only one state has any real

5    interest seeing its law applied, there is a "false conflict", and

6    only the law of the interested forum should be applied. <u>Ross</u>, id.

7

8         The product was ordered by California defendants from a

9    manufacturer in Utah. Utah has established an interest in

10   maintaining to bring an action on a contract there for 6 years. It

11   would be against the governmental interests of Utah to require

12   it's citizens to be subjected to varying different statutes of

13   limitations, when it sold goods in Utah, but to different persons

14   in a different states.  California has no interest on regulating

15   the length of the statute of limitation on Utah contracts. "When

16   one of two states related to a case has a legitimate interest in

17   the application of its law and policy and the other has none,

18   there is no real problem; clearly the law of the interested state

19   should be applied. <u>Hurtado</u>, id. at 580; <u>Zimmerman v. Allstate Ins.</u>

20   <u>Co.</u>, 179 Cal. App. 3d 840, 844-45 (1986).

21

22

23

24   ───────────────

      [2]The three step process is: 1. Assess whether the foreign
25   state law actually differs from California; 2. If so, consider
     each state's interest in having its own law applied to this case
26   to determine whether there is a "true conflict" between their
     interests; and 3. If each state has a legitimate interest, compare
27   the extent to which each state's interests will be impaired if the
     other state's law is applied. <u>Estate of Darulis</u>, id at 1062.
28

CASE MANAGEMENT STATEMENT          5

**b. Utah Contract versus open book statute**

Utah has set forth the standard of whether the six-year-period for breach of contract, Utah Code Ann. 78-12-23, applies to a particular case: "If a fact of liability arises or is assumed or imposed from the instrument itself, or its recitals, the liability is founded upon an instrument in writing." Brigham Young University v. Paulsen Construction Co., 744 P.2d 1370, 1372 (Utah 1987); Bracklein v. Realty Ins. Co., 95 Utah 490, 500; 80 P.2d 471, 476 (1938). Here, the liability of the defendants is alleged to be on the invoices, as opposed to the open book. The invoices recited the products purchased, the price, the due date and established the liability to pay. Accordingly, the invoices bring the case within the Utah 6 year statute.

**4. Motions**

There are no prior or pending motions. An immediate motion to determine the statute of limitations issue is contemplated by the parties.

**5. Amendment of Pleadings**

No amendments are anticipated.

1       6. <u>Evidence Preservation</u>

2

3       All invoices have been preserved by the plaintiff, as

4  well as the account stated spread sheet.

5

6       7. <u>Disclosures</u>

7

8       The parties have met and conferred pursuant to Rule 26,

9  and will have exchanged all early disclosure documents and witness

10  identities prior to the conference.

11

12      8. <u>Discovery</u>

13

14      No discovery has been taken to date, and there are no

15  proposed limitations or modifications of the discovery rules.  The

16  parties anticipate completion of discovery on or before August 27,

17  2008.

18

19      9. <u>Class Action</u>

20

21      This matter is not a class action.

22

23      10. <u>Related Cases</u>

24

25      There are no related cases.

26

27

28

CASE MANAGEMENT STATEMENT          7

1          11. <u>Relief</u>

2

3        Plaintiff's release is calculated based upon the sum

4 total of the invoices, which is $116,696.64. Defendant's cross

5 claim is based upon moneys allegedly spent or wasted on allegedly

6 defective product, estimated at $500,000.

7

8          12. <u>Settlement and ADR</u>

9

10        The parties have come to no agreement as to ADR as of

11 this writing, and have requested a telephonic conference.

12

13          13. <u>Consent to Magistrate Judge for All Purposes</u>

14

15        This matter is currently assigned to a magistrate judge,

16 however the parties would be willing to stipulate to have a

17 magistrate judge conduct all further proceedings, including trial

18 and entry of judgment.

19

20          14. <u>Other References</u>

21

22        The matter is not complex, and would not be suitable to

23 reference to binding arbitration.

24

25          15. <u>Narrowing of Issues</u>

26

27        The parties would be amenable to presenting testimony by

28

CASE MANAGEMENT STATEMENT       8

1  summary of undisputed facts.

2

3        16. <u>Expedited Schedule</u>

4

5        Due to the issues associated with the counterclaim,

6  which would involve expert testimony and research and

7  investigation on both sides, the case would not be amenable to an

8  expedited schedule.

9

10       17. <u>Scheduling</u>

11

12       The parties propose a discovery cut off date of August

13 27, 2008, expert witness designations to follow the FRCP,

14 dispositive motions to be heard by September 30, 2008, and a trial

15 date of November 17, 2008.

16

17       18. <u>Trial</u>

18

19       The parties have reserved jury, and estimated trial

20 length is 4 days.

21

22       19. <u>Disclosure of Non-Party Interested Entities or</u>

23 <u>persons</u>.

24

25       The parties have filed the Certification of Interested

26 Entities or Persons required by the Local Rules. There are no

27 interested persons or entities other than those named in the

28

CASE MANAGEMENT STATEMENT            9

1 | caption.

2

3 |      20. Other Matters

4

5 |      An early scheduling and determination of the Statute of

6 | Limitations issue would serve to effect the interests of

7 | facilitating the possibility of a speedy resolution of this

8 | matter.

9

10

11

12

13

14 | DATE: March 18, 2008

BY: _____
Sterling Scott Winchell
Attorney for Plaintiff

15

16

17

18 | DATE: March 18, 2008                Hoge, Fenton, Jones & Appel, Inc.

19

20

BY: _____
James R. Hawley
Attorney for Defendants
Attorney for Plaintiff

21

22

23

24

25

26

27

28

CASE MANAGEMENT STATEMENT              10