Sterling Scott Winchell (147054)
Attorney at Law
9881 Irvine Center Drive, Suite 200
Irvine, Ca 92618
phone: 949-387-9191
fax  : 949-387-9192
email: Winchell@OCLawSolutions.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE COURTHOUSE

| | |
|---|---|
| TCR COMPOSITES, INC., a Pennsylvania corporation<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIBERLITE CENTRIFUGE, INC., a California corporation and dba PIRAMOON TECHNOLOGIES, INC.; AL PIRAMOON aka ALIREZA PIRAMOON, an individual and dba FIBERLITE CENTRIFUGE and dba PIRAMOON TECHNOLOGIES, INC.,<br><br>　　　　Defendants. | CASE NO:　C07 06204 PVT<br><br>**ANSWER TO COUNTER CLAIM FOR EQUITABLE OFFSET OR RESTITUTION**<br><br>DEMAND FOR JURY TRIAL |

　　　Plaintiff TCR COMPOSITES, INC., a Pennsylvania corporation, [TCR] by and through its undersigned counsel, for its answer to the Counter Claim of Defendants, states as follows:

　　　1. TCR admits the entirety of paragraph 1.

ANSWER　　　　　　　　　　　　　　1

2. TCR admits the entirety of paragraph 2.

3. TCR admits the entirety of paragraph 3.

4. TCR admits the entirety of paragraph 4.

5. As to paragraph 5, TCR is unaware of what any or all of the precise products Defendants are involved in manufacturing, and therefore cannot admit or deny any allegation in paragraph 5 that they ever knew what products Defendants manufacture or what supplies they require. Plaintiff admits it sold materials to Defendants, but plaintiff denies the allegations in paragraph 5 that it was "aware of Defendants' business" and denies that Plaintiff ever represented or warranted or otherwise promised to Defendants that their product would be suitable for any or all of Defendants' intended uses.

6. As to paragraph 6, Plaintiff admits the allegation in paragraph 6 that Plaintiff and Defendant engaged in a joint effort to work together in attempting to make Plaintiff's materials "work" in the manufacture of Defendants' products. Plaintiff denies that it made any assumption that the products would be suitable for any and all uses defendants intended to use it for. Plaintiff has no knowledge as to what defendants subjectively assumed, and therefore cannot confirm or deny that allegation.

7. As to paragraph 7, Plaintiff denies all allegations in

Paragraph 7 in their entirety, based upon lack of knowledge, information and belief. Plaintiff specifically denies that it ever had knowledge of any of these alleged facts.

8. As to Paragraph 8, Plaintiff admits the allegation in paragraph 8 that it visited Defendant's facility, but lacks information or belief therefore denies that it was 30 times. Plaintiff specifically denies that there were any "problems" with the materials it sold to Defendants. Plaintiff denies that the materials it sold to defendants was unsuitable for their intended use. Plaintiff denies it ever gave a written or verbal apology to Defendants for anything. Plaintiff further denies that defendant ever informed Plaintiff that it intended to stop using its materials, and in fact, Defendant continued to order materials from plaintiff for years thereafter. Plaintiff denies based upon information and belief that "disproportionate expenses" were ever incurred by Defendant, and denies that Defendant ever paid or ever offered to pay any portion of the sums claimed herein.

9. As to paragraph 9, Plaintiff denies that it confirmed any termination of its supplier relationship on the date stated. Plaintiff has no knowledge or information as to whether Defendants found another supplier or how long they have been used, and therefore denies that allegation.

10. As to paragraph 10, Plaintiff denies that Defendant "heard nothing more from plaintiff after May, 2002", in that

Defendant ordered products from Plaintiff through 2003. Plaintiff admits it filed this suit, but denies it is limited to invoices incurred for products sold before May, 2002.

11. As to paragraph 11, these are entirely legal conclusions, which are all denied.

12. As to paragraph 12, these are entirely legal conclusions and prayers for relief, to which no response is required.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE No. 1.

The Counter Claim, and each alleged cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### AFFIRMATIVE DEFENSE No. 2.

The Counter Claim, and each alleged cause of action contained therein, is so vague, ambiguous and uncertain as to fail to allege facts sufficient to state a cause of action.

### AFFIRMATIVE DEFENSE No. 3.

Plaintiff incorporates by reference, repeat and reallege here, as though set forth in full, each and every of the

allegations set forth in the Complaint filed.

### AFFIRMATIVE DEFENSE No. 4.

Defendants' actions constitute a full satisfaction, release and/or waiver.

### AFFIRMATIVE DEFENSE No. 5.

Defendants were careless and negligent, thereby causing, in whole or in part, the damages alleged in the Counter Claim.

### AFFIRMATIVE DEFENSE No. 6.

The damages referred to in the Complaint, and each Cause of Action were proximately caused or contributed to by the conduct of persons or entities other than the Plaintiff (including but not limited to the Defendants), which conduct constitutes one or more intervening or superseding causes of the damages alleged.

### AFFIRMATIVE DEFENSE No. 7.

Defendant has failed to make a reasonable effort to mitigate their damages.

### AFFIRMATIVE DEFENSE No. 8.

Plaintiff has suffered damages by reason of Defendants conduct, and by virtue of said conduct have the right of offset if any amount of money is owed or is due by way of damages.

### AFFIRMATIVE DEFENSE No. 9.

The Counter Claim and each and every cause of action therein is barred by statutes of limitation.

### AFFIRMATIVE DEFENSE No. 10.

Defendants are estopped by their acts and conduct from asserting any and all claims, or receiving any of the remedies, as alleged or preyed for in the Counter Claim, based on the doctrine of equitable estoppel, and/or for other reasons .

### AFFIRMATIVE DEFENSE No. 11.

Plaintiff is excused from any liability alleged herein, on the grounds of mutual mistake.

### AFFIRMATIVE DEFENSE No. 12.

Plaintiff presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and yet unstated, affirmative defenses available, and reserve the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

WHEREFORE, Plaintiff prays judgment on the Counter Claim as follows:

    1. That it be dismissed with prejudice;

    2. That Defendants take nothing;

    3. For Attorneys Fees where and if evidence is presented at

ANSWER    6

trial of a contract, statute, or case providing for the same.

    4.  For costs of suit and for such other further relief as the Court deems just and proper.

DATE: December 6, 2007

BY: _____
Sterling Scott Winchell
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes pled herein.

DATE: April 10, 2008

BY: _____
Sterling Scott Winchell
Attorney for Plaintiff

PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to within action; my business address is 9881 Irvine Center Drive, Suite 200, Irvine, Ca 92618.

On April 10, 1008, I served the foregoing document described as **ANSWER TO COUNTER CLAIM** on interested parties in this action by placing a true and correct copy thereof enclosed in sealed envelopes with postage thereon fully prepaid in the United States mail at Irvine, California addressed as follows:

James R. Hawley, Esq,
Hoge, Fenton, Jones & Appel
Sixty South Market Street, Suite 1400
San Jose, Ca 95113-2396                    counsel for defendants

Executed on April 10, 2008 at Irvine, California. I certify and declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

_____
Sterling Scott Winchell

ANSWER                                    8